IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CORDERO YOUNG, (TDCJ #01618352) | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-18-1077 |
| MARIA JACKSON, *et al.*, | § § | |
| Defendants. | § § | |

**MEMORANDUM AND ORDER**

The petitioner, Cordero Young, filed this lawsuit under 42 U.S.C. § 1983, alleging violations of his constitutional rights. He is representing himself and has been granted leave to proceed without prepaying the filing fee. The threshold question is whether Young may proceed with his claims. The review of the pleadings required by 28 U.S.C. § 1915A leads the court to conclude that this lawsuit must be dismissed.

**I.      Background**

When Young filed his complaint, he was in pretrial detention at the Harris County Jail waiting for his trial on an aggravated robbery indictment. He claims that his November 25, 2016 arrest by Officer K.A. Hamilton of the Houston Police Department was unlawful, and that Harris County District Judge Maria Jackson and Harris County Assistant District Attorney James Murphy lacked jurisdiction to hold him in custody. He seeks unspecified money damages.

A review of public court records reflects that, under a plea bargain, Young pleaded guilty to a reduced charge of theft from a person. On August 6, 2018, he was sentenced to a 2-year term in

state jail. *State of Texas v. Young*, Cause Number 1532142, 339th District Court of Harris County, Texas.

## II. Discussion

### A. The Claims Against the Judge

"[G]enerally, a judge is immune from a suit for money damages." *Mireles v. Waco*, 502 U.S. 9, 9 (1991) (per curiam) (citations omitted). Judicial immunity safeguards the "'principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Id.* at 10 (quoting *Bradley v. Fisher*, 80 U.S. 335, 347 (1871)); *see also Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'") (citation omitted). Judicial immunity may be overcome only for acts "not taken in the judge's judicial capacity," or when they were "taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11–12 (citations omitted).

"Judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1995) (per curiam) (citing *Graves v. Hampton*, 1 F.3d 315, 317 (5th Cir. 1993)); *see also Bauer v. Texas*, 341 F.3d 352, 357 (5th Cir. 2003) ("Judges enjoy absolute immunity from liability for judicial or adjudicatory acts.") (citing *Forrester v. White*, 484 U.S. 219, 108 S.Ct. 538, 545 (1988)). "A judge's acts are judicial in nature if they are 'normally performed by a judge' and the parties affected 'dealt with the judge in his judicial capacity.'" *Boyd*, 31 F.3d at 285 (quoting *Mireles*, 502 U.S. at 12). In determining whether an act was judicial in nature, courts should consider four factors:

(1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity.

*Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005) (quoting *Malina v. Gonzales*, 994 F.2d 1121, 1124 (5th Cir. 1993)).

Young's allegations show that the challenged acts were judicial and, given the arrest, within the court's jurisdiction. His claims against Judge Jackson fail to overcome judicial immunity.

### B. The Claims Against the Prosecutor

A pretrial detainee cannot recover damages from a state prosecutor for decisions made in connection with the criminal proceedings alleged in his pleadings. Prosecutors are entitled to absolute immunity from civil rights claims for actions taken in the scope of their duties in initiating and pursuing a criminal prosecution. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 343 (2009) (citing *Burns v. Reed*, 500 U.S. 478, 492 (1991)); *see also Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) (prosecutors are absolutely immune from civil suits for damages for initiating a prosecution and in presenting the state's case). To the extent that Young's claims relate to prosecuting and presenting evidence in his state-court criminal proceedings, the complaint against Assistant District Attorney James Murphy must be dismissed as legally without basis and for seeking monetary relief from a defendant immune from that relief.

### C. The Claims Against the Officer

Under *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), when a defendant convicted in a criminal case brings a § 1983 case against arresting officers, the district court must first consider whether a judgment in the defendant's favor necessarily makes the underlying criminal conviction invalid. If so, the claim is barred unless the defendant shows that the conviction or sentence "has

been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.*, at 486–87.

Young alleges that Officer Hamilton unlawfully arrested him because he lacked probable cause. But after his arrest, Young pleaded guilty to a reduced charge of theft from a person and was convicted and sentenced to a 2-year term in state jail. Young's claims in this lawsuit directly challenge the validity of his criminal conviction. Young does not make any showing that his conviction has been invalidated or set aside. His civil rights claims cannot proceed and must be dismissed with prejudice. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (claims barred by *Heck* are "dismissed with prejudice to their being asserted again until the *Heck* conditions are met").

## III. Conclusion

This lawsuit is dismissed with prejudice for failure to state a claim on which relief may be granted and for seeking monetary damages from a defendant who is immune from such relief. The dismissal counts as a "strike" for purposes of 28 U.S.C. § 1915(g).

The Clerk will provide a copy of this order to the Manager of the Three-Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

Signed on November 28, 2018, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge